John Vollmer, Administrator, v. San Antonio & Gulf Shore Rail- way Company.

No. 740.    Decided February 13, 1899.

**1. Receivership—Intervention of Judgment Creditor—Appeal.**

The intervention of a judgment creditor in an action in which a receiver of the debtor's property has been appointed, seeking to enforce recognition and payment of his. claim at the hands of the receiver, is a suit distinct from that in which he ob- tained his judgment, and can not be reviewed on appeal upon a transcript of the record in his original suit with so much of that of the receivership as relates to his intervention.    (Pp. 444, 445.)

**2. Same.**

Review of the action of the court upon the intervention of a judgment creditor to secure payment of his judgment at the hands of a receiver appointed in another proceeding may be had upon a transcript of so much of the proceedings in the suit in which the receiver was appointed as to show that there was a lawful receivership, and also all the proceedings had upon the petition in intervention.    (P. 445.)

Error to the Court of Civil Appeals for the Fourth District, in an Ap- peal from Bexar County.

Vollmer obtained writ of error upon the affirmance by the Court of Civil Appeals of a judgment rendered in the District Court upon his in- tervention in the receivership case, which writ of error is here dismissed.

*T. J. Newton,* for plaintiff in error.

*William Aubrey* and *Carlos Bee,* for defendant in error.

GAINES, Chief Justice.—We infer from the transcript sent up in this case that the following is a history of the litigation: The plaintiff in error, as administrator of the estate of one Wenz, sued the defendant in error, the San Antonio & Gulf Shore Railway Company, to recover damages for the construction and operation of its railroad along a street upon which a lot belonging to the intestate abutted. During the prog- ress of the suit the property of the defendant company was placed in the hands of a receiver and the receiver became a party defendant. The

plaintiff recovered a judgment; and thereupon intervened in the suit in which the receiver had been appointed and prayed in effect that his claim be given priority of payment. The claim was referred to a master, who reported that the intervener "is entitled to judgment against said railway company for the sum of $300, with interest at the rate of 6 per cent per annum from the 5th day of June, 1896, until paid, and costs of suit, and that he is also entitled to an equitable and statutory lien on said railway and equipments in the hands of the receiver, and that such lien shall be declared foreclosed, and that said aforesaid claim shall be ordered to be paid as a claim of the sixth class, payable only out of the earnings of said railway in the hands of the receiver." The intervener excepted to the report, but it was approved by the court. Upon appeal, the Court of Civil Appeals affirmed the judgment, the court in its opinion saying: "We do not understand how this order of confirmation precludes the appellant from having his claim paid from the proceeds of the sale of the property of the railway company, upon which it was adjudged a lien, in the event the moneys coming into the hands of the receiver from the earnings of the property placed in his hands were not .sufficient to pay claims of its class."

The original suit is numbered 2533, and is entitled John Vollmer, administrator, against San Antonio & Gulf Shore Railway Company. The suit in which the receiver was appointed is numbered 6895, and is entitled William Davis against the San Antonio & Gulf Shore Railway Company. The transcript upon which the action of the District Court is sought to be reviewed is a transcript of the proceedings in the original cause number 2533. This is shown by the caption as well as by the certificate of the clerk. It contains the pleadings and judgment in that suit; and in addition thereto, certain proceedings and orders in cause number 6895. These are the petition of intervention of Vollmer, administrator, the master's report thereon, exceptions to that report, and the decree of the court overruling the exceptions and confirming the report.

The judgment in cause number 2533 was not appealed from, and upon the adjournment of the court for the term at which it was rendered it became a finality. The subsequent intervention in cause number 6895 was no part of the proceedings in the former cause and could not properly be incorporated in a transcript of the record in that case. In order to enable the appellate courts to review the action of the court upon a petition of intervention in a case like this, it is proper to exhibit a transcript of so much of the proceedings in the suit in which the receiver was appointed as to show that there was a lawful receivership, and also all the proceedings had upon the petition in intervention. It is evident that we can not determine the question which the plaintiff in error presents in his application upon the transcript before us. The writ of error is therefore dismissed.

*Writ of error dismissed.*